UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARK DAVID HOOK**<br>**(A088-927-04)** | **CIVIL ACTION NO. 2:13-cv-2550** |
| **VERSUS** | **JUDGE MINALDI** |
| **ERIC H. HOLDER, JR., ET AL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed *in forma pauperis* by plaintiff Mark David Hook.  Plaintiff is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (hereafter, "ICE").  At the time of filing, he was housed at the Federal Correctional Institute, Oakdale (hereafter, "FCIO"), Louisiana.  Plaintiff is currently housed at the South Louisiana Correctional Center in Basile, Louisiana.

Plaintiff names the following as defendants: United States Attorney General Eric H. Holder, Jr.; United States Secretary of Homeland Security Janet Napolitano; FCIO Field Office Director Scott L. Sutterfield; Assistant United States Attorney Cristina Walker; Deportation Officers Jeannine Fruge, Sandra D. Strother, Steve Durio;  FNU Martin, FNU Sipe; and John and Jane Doe.

---

[1] Because it alleges civil rights violations by federal defendants, this action is construed as one brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff has been in ICE custody since April 2, 2008.  Doc. 1, p. 4.  Since that time, he has sought release from custody pursuant to a 28 U.S.C. § 2255 motion to vacate[2] and in two 28 U.S.C. § 2241 applications for writ of *habeas corpus*.[3]  Relief was denied in the § 2255 case as well as both § 2241 cases.[4]  Both § 2241 cases concluded, following evidentiary hearings, that plaintiff has thwarted efforts to deport him.

The current matter centers around yet another finding that plaintiff hampered removal efforts.  Specifically, on February 22, 2012, a federal grand jury indicted plaintiff for hampering removal efforts in violation of 8 U.S.C § 1253(a)(1)(C).  *See USA v. Hook*, No. 3:12-cr-00052, (W.D. La., Monroe Division).  Based on concerns that it would not be able to authenticate foreign documents supporting its position that plaintiff's true identity was unknown, the government sought dismissal of the indictment.  *Id*. at docs. 58, 60.  While plaintiff objected to the dismissal, the court nevertheless dismissed the indictment on November 30, 2012.  *Id*. at doc. 62.

The actions of the government leading up to the dismissal of the indictment form the basis of the majority of plaintiff's complaints herein.  Plaintiff claims that filing the indictment constituted malicious prosecution in that the defendants falsified documents, lied, fabricated evidence, and refused to review and/or forward his immigration file to the proper parties.  Doc.

---

[2] *United States of America v. Mark David Hook*, No. 3:12-cr-00052, (W.D. La., Monroe Division).
[3] *Hook v. Holder*, No. 3:09-cv-423 (W.D. La., Monroe Division); *Hook v. Holder*, No. 2:11-cv-00131 (W.D. La., Lake Charles Division).
[4] *Id.*

1, p. 2.  Plaintiff also claims that his constitutional rights have been violated as he was housed among convicted inmates.  *Id.*

Plaintiff further states that, during his 2008 arrest, he was questioned despite invoking his right to counsel and that statements obtained from him were used to indict him with hampering removal efforts in violation of 8 U.S.C § 1253(a)(1)(C) in 2012.  As such, he claims that he was the victim of false arrest.  *Id.* at 17.

As a result of the above alleged constitutional violations, plaintiff seeks a jury trial, compensatory damages, and attorney fees.  *Id.* at 20.

## LAW AND ANALYSIS

At the start, this court must determine whether it has jurisdiction to hear this matter.

Title 8 U.S.C. § 1252(g) contains the following jurisdictional limitation on federal court review:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

The Supreme Court has given §1252(g) a "narrow" reading and stated that it "applies to only a limited subset of deportation claims."  *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 487, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999).  Specifically, the court has construed this provision to preclude judicial review of "the Attorney General's discrete acts of 'commenc[ing] proceedings, adjudicat[ing] cases, [and] execut[ing] removal orders' – which represent the initiation or prosecution of various stages in the deportation process."  *Id*. at 483.

The Fifth Circuit has also construed §1252(g) narrowly to preclude claims "arising from" the discrete actions identified in the statute.  *Humphries v. Various Federal USINS Employees*,

164 F.3d 936, 942-43 (5th Cir.1999). Claims bearing a "weak, remote, or tenuous connection to a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders,'" are not barred from federal review. *Id.* at 943. For example, an alien's claims of mistreatment while in detention bear no more than a remote relationship to the execution of a removal order and are not precluded from consideration by a federal court by §1252(g). *Id.* at 944. By contrast, claims that are "connected directly and immediately with a 'decision or action by the Attorney general to commence proceedings, adjudicate cases, or execute removal orders,'" are precluded from review by §1252(g). *Id.* For further example, a federal court has no jurisdiction to consider a claim that an alien has been excluded or removed for retaliatory reasons in violation of the First Amendment because such an allegation "arises from" a decision to exclude or remove the alien. *Id.* at 945.

A later ruling by the Fifth Circuit expounds on the court's view expressed in *Humphries*. In *Foster v. Townsley*, 243 F.3d 210 (5th Cir. 2001), an alien filed a civil rights action against several immigration officers and officials for wrongful deportation. Foster argued that a deportation order was executed in violation of an automatic stay provision that was triggered by his appeal from the immigration judge's decision to deny his motion to reopen an *in absentia* removal order. The Fifth Circuit concluded that the plain language found in 8 U.S.C. §1252(g) precluded review of any cause or claim that was connected directly and immediately with a decision or action taken to commence proceedings, adjudicate cases, or execute removal orders. *Id.* at 214–15 (citing *Humphries*, 164 F.3d at 942). In that respect, the Fifth Circuit held that the court had no jurisdiction to consider the plaintiff's claims of excessive force, denial of due process, denial of equal protection, and retaliation in connection with the actions taken to execute

the removal order because those claims were precluded from judicial review by 8 U.S.C. §1252(g). *Id.*

Clearly, the heart of the plaintiff's complaint herein concerns actions by immigration officials leading to his arrest, detention, and attempted removal. Thus, plaintiffs' claims are connected directly and immediately with a decision or action by the Attorney General to execute his order of removal. Because plaintiffs' allegations fall within the gambit of § 1252(g), review by this court is unavailable.

The court notes that, even if plaintiff was permitted to proceed with his claim for malicious prosecution, these claims are not cognizable under the Constitution. The Fifth Circuit has held that "'malicious prosecution' standing alone is no violation of the United States Constitution" and that no "freestanding constitutional right to be free from malicious prosecution exists." *Castellano v. Fragozo*, 352 F.3d 939, 942, 945 (5th Cir. 2003).

The court also notes that plaintiff's claim that his rights were violated due to the fact that he was housed with convicted prisoners would likewise fail. It is not *per se* unconstitutional to house pretrial detainees and convicted inmates together. The United States Fifth Circuit has stated that "[t]he confinement of pretrial detainees indiscriminately with convicted persons is unconstitutional unless such a practice is 'reasonably related to the institution's interest in maintaining jail security,' or physical facilities do not permit their separation." *Jones v. Diamond,* 636 F.2d 1364, 1374 (5th Cir.1981)(citations omitted) *overruled on other grounds, Int'l Woodworkers v. Champion Int'l Corp.,* 790 F.2d 1174 (5th Cir.1986). Thus, the housing of detainees with convicted inmates may raise constitutional concerns, but only if their classification together is handled indiscriminately without justification. *Pembroke v. Wood County,* 981 F.2d 225, 229 (5th Cir. 1993).

Significantly, the classification of inmates is an administrative function of the prison. *Jones v. Diamond,* 636 F.2d at 1376. The federal courts give great deference to the administrative decisions of prison officials and will not interfere with legitimate administration without a constitutional violation. *Bell v. Wolfish,* 441 U.S. 520, 547-548, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979).

Plaintiff has not alleged that his housing decisions were made indiscriminately without justification. The circumstances of this case simply do not point to a constitutional violation arising out of the circumstances of his housing.

## CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 7th day of October, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE